UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

        Case No. 812-72378-reg

18 RVC, LLC,

        Chapter 11

                  Debtor.
----------------------------------------------------------------x

**MEMORANDUM DECISION**

Before the Court are two related motions which raise one legal issue. The motions are: (a) a motion for relief from the stay, by the Debtor's secured lender, New York Community Bank ("NYCB") to permit NYCB to proceed with a foreclosure on the Debtor's real property – the Debtor's sole asset, and (b) a hearing to approve the Debtor's amended disclosure statement related to the Debtor's amended plan of reorganization. The issue which guides the Court's resolution of these two matters is whether under the facts of this case it is legally permissible for a debtor to classify the unsecured deficiency claim of a partially secured lender separately from other unsecured creditors. The Debtor concedes that its ability to propose a viable plan of reorganization under chapter 11 of the Bankruptcy Code hinges on the answer to this question.

The Debtor argues that the existence of a personal guarantee of the secured debt by the Debtor's principal is in itself sufficient basis for this Court to find that the unsecured portion of the secured creditor's claim is not "substantially similar" to the claims of other unsecured creditors, and therefore, should be separately classified. *See Wells Fargo Bank, N.A. v. Loop 76 LLC (In re Loop 76 LLC)*, 465 B.R. 525 (B.A.P. 9th Cir. 2012). NYCB argues that existing law in the Second Circuit requires the Debtor to present the Court with "credible proof of any legitimate reason" for such separate classification and the Debtor has failed to satisfy that standard in this case. *See Boston Post Road Limited Partnership v. FDIC (In re Boston Post*

*Road Limited Partnership)*, 21 F.3d 477 (2d Cir. 1994), *cert denied*, 513 U.S. 1109 (1995).

The Court agrees with NYCB and finds that the existence of a personal guarantee, without more, is not a legitimate reason for separately classifying the unsecured deficiency claim of a secured lender. The Court therefore finds that the Debtor's proposed amended plan of reorganization which is described in the proposed amended disclosure statement, is not confirmable as a matter of law. For that reason, the Court denies the Debtor's motion to approve the amended disclosure statement, and grants NYCB's motion for relief from stay based upon the Debtor's inability to propose a confirmable plan of reorganization.

*Background*

The Debtor filed a petition under chapter 11 of the Bankruptcy Code on April 17, 2012. The Debtor's sole asset is real property improved by a commercial building located in Rockville Centre, NY. The Debtor is a "single asset real estate debtor" as that term is defined in section 101(51B) of the Code. The Debtor has one tenant – R.S. Naghavi, MD, PLLC, which is the medical practice of Dr. Reza Neghavi. Dr. Neghavi is the managing member of the Debtor's managing member, SMARS Holding, LLC. The real property is encumbered by a first mortgage lien held by NYCB in the total amount of $1,145,839.39. The Debtor admits that it filed this bankruptcy case in order to forestall NYCB's foreclosure proceeding.

On May 3, 2012, NYCB filed a motion for relief from the automatic stay (§362), or alternatively to dismiss the bankruptcy case on the ground that the case was filed in bad faith for the sole purpose of forestalling foreclosure of NYCB's interests (§1112). Relevant to this decision, NYCB argues that the stay should be lifted under section 362(d)(2) of the Code

because there is no equity in the real property and the property is not necessary to an effective reorganization. NYCB argues that the Debtor has no ability to confirm a plan of reorganization in this case because NYCB's unsecured deficiency claim would necessarily control the unsecured class leaving the Debtor unable to satisfy the requirement of section 1129(a)(10) of the Code that an impaired class of creditors vote in favor of the plan of reorganization. The Court deferred ruling on the motion for relief from stay (conditioned upon $10,000 monthly adequate protection payment being made to NYCB) in order to allow the Debtor to propose a confirmable plan of reorganization.

On August 17, 2012, the Debtor filed a proposed disclosure statement and plan, and on October 1, 2012, filed an amended disclosure statement ("Disclosure Statement") and amended plan ("Plan"). The Plan as proposed classifies NYCB's secured, first mortgage claim in Class 1 and proposes to pay the secured claim $820,000 (the alleged value of the Debtor's real property) plus 6% interest based on a 20 year amortization, in 60 equal monthly installments of $5,874, with a balloon payment of $693,782.86 to be paid at the end of 60 months. The total debt owed to NYCB is $1,145,839.39. Pursuant to section 506(a), the Plan proposes to bifurcate NYCB's claim and treat the amount of the debt that exceeds the value of the property, as an unsecured claim. The Plan classifies NYCB's $325,839.39 "deficiency" claim in Class 2 and proposes to pay 5% of that claim (approx. $16,292) in one lump sum payment shortly after confirmation. Class 3 of the Plan contains minimal priority tax claims which will be paid in full, and Class 4 is a class of miscellaneous unsecured creditors to which the Debtor proposes to make a 5% distribution of approximately $27,850.

NYCB objects to the approval of the Disclosure Statement on several grounds, including

that the proposed Plan improperly classifies NYCB's unsecured deficiency claim separately from other unsecured creditors. Relying on *Boston Post Road Limited Partnership v. FDIC (In re Boston Post Road Limited Partnership)*, 21 F.3d 477 (2d Cir. 1994), *cert denied*, 513 U.S. 1109 (1995), NYCB argues that by separately classifying NYCB's unsecured claim, the Debtor has improperly gerrymandered the unsecured classes in an attempt to ensure obtaining an impaired class of creditors who will vote in favor of the Debtor's Amended Plan. NYCB has made it clear that it opposes the Debtor's reorganization and will not vote in favor of the Plan. If NYCB's unsecured deficiency claim were included in the miscellaneous unsecured creditor class – Class 4 – the dollar amount of NYCB's claim in relation to the rest of the class, would ensure that Class 4 would not accept the plan. *See* 11 U.S.C. §1129(a)(10) (requiring that in order to confirm a plan, "at least one class of claims that is impaired under the plan has accepted the plan ..."); 11 U.S.C. §1126(c) (acceptance of a class is accomplished by the vote by "at least two-thirds in amount and more than one-half in number of the allowed claims in such class..."). However, if NYCB's deficiency claim is separately classified, the rejection of the plan by NYCB, and presumed acceptance by Class 4, would permit the Debtor to proceed with a "cramdown" of the plan over NYCB's objection. *See* 11 U.S.C. §1129(b).[1]

The Debtor has filed no legal memoranda to support the separate classification of NYCB's unsecured deficiency claim. However, it became apparent during the course of these

---

[1] Even if this Court were to permit separate classification, the Debtor may not be able to satisfy the "cramdown" provisions of section 1129(b) because, in this case, the Debtor's principal is retaining his equity interest in the Debtor. Although Dr. Naghavi is proposing to contribute "new value" in the form of a cash contribution to distribution under the Plan, any such "new value" must be subject to competitive bidding under the rule set forth in *Bank of America v. 203 North LaSalle Street Partnership*, 526 U.S. 434 (1999).

proceedings that the Debtor is basing its legal argument upon a single recent decision of the Ninth Circuit Bankruptcy Appellate Panel in *Wells Fargo Bank, N.A. v. Loop 76 LLC (In re Loop 76 LLC)*, 465 B.R. 525 (B.A.P. 9th Cir. 2012). Debtor's counsel argues that the existence of a personal guarantee by Dr. Naghavi causes NYCB's claim not to be "substantially similar" to the Debtor's other unsecured creditors which do not have recourse against Dr. Naghavi. 11 U.S.C. §1122(a).

A hearing on approval of the Disclosure Statement, and an adjourned hearing on NYCB's motion for relief from stay, was held on October 15, 2012. At that time, the Court issued an oral ruling declining approval of the Disclosure Statement, and granting NYCB's motion for relief from stay. This Memorandum Decision supplements the reasoning of the Court stated on the record on October 15, 2012.

*Discussion*

Approval of a disclosure statement pursuant to section 1125 of the Code necessarily precedes the confirmation of any chapter 11 plan. 11 U.S.C. §1125(b). The Code requires that the Court determine whether a disclosure statement contains "adequate information" to allow a "hypothetical investor" to make an "informed judgment" about whether to vote for or against the proposed plan. 11 U.S.C. § 1125(a). In addition to the requirement that the disclosure statement contain adequate information, a bankruptcy court should not approve a disclosure statement if the proposed plan which it describes is incapable of confirmation. *See, e.g.*, *In re GSC, Inc.*, 453 B.R. 132, 157 n.27 (Bankr. S.D.N.Y. 2011), citing *In re Quigley Co.*, 377 B.R. 110, 115 (Bankr. S.D.N.Y. 2007) ("An unconfirmable plan is grounds for rejection of the disclosure statement; a

disclosure statement that describes a plan patently unconfirmable on its face should not be approved.").

Section 362(d)(2) provides relief from the automatic stay with respect to actions against property of the estate if "(A) the debtor does not have any equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. §362(d)(2). A debtor's inability to confirm a chapter 11 plan may also provide the basis to grant relief from the automatic stay under section 362(d)(2). *See U.S. Savings Ass'n v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365, 376 (1988) (". . . lack of any realistic prospect of effective reorganization will require §362(d)(2) relief."); *Pegasus Agency, Inc. v. Grammatikakis (In re Pegasus Agency, Inc.)*, 101 F.3d 882 (2d Cir. 1996) (finding grounds for relief from stay exist where "the reorganization plan's unfounded assumptions and dubious calculations rendered it entirely unreliable, and there is, therefore, no prospect of an effective reorganization under any calculation of the debt."); *In re 266 Washington Assocs.*, 141 B.R. 275, 278 (Bankr. E.D.N.Y.), *aff'd*, 147 B.R. 827 (E.D.N.Y. 1992) (finding debtor's claims classification predicament to be "insoluble" and granting relief from stay for debtor's inability to confirm a plan).

The Debtor concedes that it can only confirm a plan of reorganization in this case if the Court determines that the separate classification of NYCB's unsecured deficiency claim is permitted as a matter of law. Therefore, an adverse ruling by the Court on this issue will result in the Debtor being unable to propose a confirmable plan of reorganization which in turn will result in a granting of the secured creditor's motion to lift stay.

In *Boston Post Road Limited Partnership v. FDIC (In re Boston Post Road Limited Partnership)*, 21 F.3d 477 (2d Cir. 1994), *cert denied*, 513 U.S. 1109 (1995), the Second Circuit

Court of Appeals held that a chapter 11 debtor could not separately classify the unsecured deficiency claim of a secured creditor unless it could present "credible proof of any legitimate reason" for such separate classification. *Boston Post Road*, 21 F.3d at 483. The circuit court found that the different origins of the secured creditor's deficiency claim (versus trade claims) was not sufficient to justify separate classification. *Id*. The circuit court was not concerned that this holding might give the under-secured lender undue influence over the Debtor's ability to reorganize. In fact, its concern was just the opposite– that the "overwhelmingly largest creditor" should not be disenfranchised by the Debtor's ability to separately classify that claim. The court reasoned that,

> approving a plan that aims to disenfranchise the overwhelmingly largest creditor through artificial classification is simply inconsistent with the principles underlying the Bankruptcy Code. A key premise of the Code is that creditors holding greater debt should have a comparably greater voice in reorganization. Thus, although Debtor protests that prohibiting it from separating the unsecured claims of the [secured creditor] from those of its trade creditors will effectively bar single asset debtors from utilizing the Code's cramdown provisions, Debtor fails to persuade that a single-asset debtor should be able to cramdown a plan that is designed to disadvantage its overwhelmingly largest creditor. Chapter 11 is far better served by allowing those creditors with the largest unsecured claims to have a significant degree of input and participation in the reorganization process, since they stand to gain or lose the most from the reorganization of the debtor. This Court thus holds that separate classification of unsecured claims solely to create an impaired assenting class will not be permitted; the debtor must adduce credible proof of a legitimate reason for separate classification of similar claims.

*Boston Post Road*, 21 F.3d at 483.

The Debtor urges this Court to adopt the holding in *In re Loop*, a recent decision of the Ninth Circuit Bankruptcy Appellate Panel. *See Wells Fargo Bank, N.A. v. Loop 76 LLC (In re Loop LLC)*, 465 B.R. 525 (B.A.P. 9th Cir. 2012). In *Loop*, the BAP held that the existence of a personal guarantee in favor of the debtor's secured creditor was sufficient reason to allow the

debtor to separately classify the unsecured deficiency portion of the secured creditor's claim. The BAP concluded that under existing Ninth Circuit Court of Appeals precedent, the bankruptcy court could "consider the existence of a third-party source for payment, including a guarantor, when determining whether unsecured claims are substantially similar under § 1122(a)." *Loop*, 465 B.R. at 541 (citing *Steelcase Inc. v. Johnston (In re Johnston)*, 21 F.3d 323, 327 (9th Cir. 1994)). The Debtor argues that the *Boston Post* decision does not preclude a holding consistent with *Loop*.

The Debtor bases its position on separate classification solely on the existence of a personal guarantee by the Debtor's principal.[2] The Debtor has presented the Court with no other legitimate reason for separately classifying NYCB's unsecured deficiency claim. The record is barren of any facts that could allow the Court to find that there is any reason for separately classifying this claim other than for the purpose of creating a class of creditors to vote in favor of the Debtor's proposed plan and cram down the secured lender.

The majority of courts that have considered this issue have held that the existence of a personal guarantee, alone, is not a sufficient basis to find that an unsecured deficiency claim is not substantially similar to other unsecured creditors. *See, e.g., In re AOV Indus., Inc.*, 792 F.2d 1140, 1150-51 (D.C. Cir. 1986) ("The existence of a third-party guarantor does not change the nature of a claim vis-a vis the bankrupt estate and, therefore, is irrelevant to a determination of

---

[2] The Court will assume for purposes of this Decision that there is a valid personal guarantee by Dr. Naghavi. Although NYCB did not contest the existence of the personal guarantee during the course of these proceedings, the written record is inconsistent on this point. The Debtor's counsel represented to the Court that there is a personal guarantee, and the Debtor's Schedule H lists Dr. Naghavi as a co-obligor on the NYCB debt. However, paragraph 13 of NYCB's motion for relief from stay indicates that Dr. Naghavi declined to execute a personal guarantee [Doc. #24], and the Court has not been presented with documentary proof of such guarantee.

whether claims are 'substantially similar' for classification purposes."); *In re 4th Street East Investors, Inc.,* 2012 WL 1745500 at 4-5 (Bankr. C.D. Cal. May 15, 2012) (declining to follow *Loop* and finding non-debtor guarantor to be an insufficient basis to separately classify unsecured claims); *In re 500 Fifth Ave. Assocs.*, 148 B.R. 1010, 1019 (Bankr. S.D.N.Y. 1993), *aff'd*, 1993 WL 316183 (S.D.N.Y. May 21, 1993) (a right of recourse against the debtor's general partners did not justify separate classification); *In re Thornwood Associates*, 161 B.R. 367, 372 (Bankr. M.D. Pa. 1993) ("The fact that [a creditor] holds a personal guarantee outside of bankruptcy is not relevant to the claim classification inquiry in the Chapter 11 context.").

In *In re 500 Fifth Ave. Assocs.*, 148 B.R. 1010, 1019 (Bankr. S.D.N.Y. 1993), *aff'd*, 1993 WL 316183 (S.D.N.Y. May 21, 1993), the bankruptcy court found that "the rights of various parties outside of chapter 11 – whether in chapter 7 or outside of bankruptcy altogether – are irrelevant." *Id.* Since recourse and nonrecourse creditors "are creditors of equal rank with equal rights within chapter 11, in the absence of a purpose independent of the debtor's desire to gerrymander an impaired assenting class, they should be classified together." *Id.*

The Court is persuaded by this reasoning, and the reasoning of the other decisions mentioned above including *Boston Post Road*, and is not inclined to depart from the majority line of cases deciding this issue. The Court finds that the Debtor's separate classification of NYCB's unsecured deficiency claim, in this case, is an improper gerrymandering of classes intended to obtain the vote of an impaired class of creditors and not for any other legitimate reason. The findings and conclusions of the Court are limited to the facts of this case and are consistent with the prevailing law in this circuit.

*Conclusion*

For all of the foregoing reasons, and for the reasons stated on the record of the hearing held on October 15, 2012, the Court declines to approve the Debtor's proposed disclosure statement, and grants NYCB's motion for relief from stay. Orders consistent with this Decision will issue forthwith.

Dated: Central Islip, New York
      October 22, 2012                                     */s/ **Robert E. Grossman***
                                                                 Robert E. Grossman
                                                                 United States Bankruptcy Judge